WOOD GIBSON, Respondent, *v.* SAMUEL G. BLAKLEY, Individually and as Administrator with the Will Annexed of JAMES BLAKLEY, Deceased, Appellant, Impleaded with Others.

*Lien of a judgment — when presumed to have expired — action against a person individually and as administrator under section 1815 of the Code of Civil Procedure.*

The complaint in an action brought against a defendant as an individual and as administrator with the will annexed of a testator, alleged that the defendant's testator became liable to the plaintiff in a certain sum because of an agreement by the testator to pay that sum upon the payment by the plaintiff of a judgment which had been recovered against the plaintiff in the year 1867, and was a lien on premises purchased of the plaintiff by the defendant; that the said testator had received from the estate of the father of the plaintiff moneys prop-

erly applicable to the payment of such judgment to an amount more than sufficient to pay the same, but that said judgment had never been canceled of record. It, also, alleged the death of the defendant's testator; that the defendant was his only heir and next of kin; that he had been appointed administrator with the will annexed of his estate; that no part of the amount due plaintiff had been paid, and that the defendant had received assets from his testator's estate in an amount more than sufficient to pay said sum. The prayer for relief was that the judgment be canceled of record, and that the plaintiff have judgment against the defendant, as such administrator, for said sum with interest.

*Held*, that as twenty-seven years had elapsed from the time of the recovery of the judgment it had presumptively ceased to be a lien on the real estate of the judgment debtor or even an enforcible claim against him personally, and that a good cause of action was set forth as against the defendant in his representative capacity;

That under the provisions of section 1815 of the Code of Civil Procedure, an action might be maintained against the defendant to recover against him both personally and as administrator in case he was liable in both capacities, and that in this case facts were alleged sufficient to constitute a cause of action against the defendant individually.

APPEAL by the defendant, Samuel G. Blakley, individually and as administrator with the will annexed of James Blakley, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of December, 1894, upon the decision of the court, rendered at the New York Special Term, overruling the defendant's demurrer to the plaintiff's complaint.

*Abram Kling*, for the appellant.

*David Keane*, for the respondent.

PER CURIAM:

April 24, 1867, Wood Gibson, Sr., recovered a judgment against his son, Wood Gibson, Jr., for $23,300.11, which became a lien on the interest of the judgment debtor in No. 295 West Eleventh street. November 2, 1869, the judgment debtor conveyed his interest in said premises to James Blakley, who in consideration thereof executed and delivered to the grantor (the plaintiff herein) a contract of which the following is a copy :

"Whereas, I, James Blakley, of the city of New York, have purchased from Wood Gibson, Jr., of said city, his interest in the prop-

erty in the city aforesaid, known by the number 295 West Eleventh street, as appears from his certain deed (in which Elizabeth J. Guion and Clement Guion join) to me, conveying said property, which deed bears even date herewith; and

" Whereas, the consideration of the said conveyance to me by the said Wood Gibson, Jr., is the sum of fourteen hundred dollars ($1,400), which sum I have not yet paid to the said Gibson by reason of the existence against him of a judgment in favor of his late father;

" Now, therefore, I, the said James Blakley, do hereby covenant and agree that upon the cancelment of the said judgment, or upon the release from the lien thereof of the property aforesaid, I shall, upon demand, pay to the said Wood Gibson, Jr., the sum aforesaid fourteen hundred ($1,400) dollars, with lawful interest from the date thereof. This covenant to apply to and bind the lawful representatives of myself and of the said Gibson.

" Dated, *November* 2, 1869.

       " (Signed)    JAMES BLAKLEY.

" In presence of

    " (Sgd.)  CHAS. COUDERT, Jr."

July 19, 1869, Wood Gibson, Sr., died, leaving a last will and testament, which was duly admitted to probate September 8, 1869, and letters testamentary thereon were duly issued to said James Blakley, who was nominated as an executor therein. The testator bequeathed one-fourth of his estate to said James Blakley in trust for the following purposes: (1) To pay the aforesaid judgment; (2) the remainder of the fourth to be invested and the income therefrom paid to Wood Gibson, Jr., during his life. The executor received from said estate moneys properly applicable to the payment of the judgment to an amount more than sufficient to pay the same, but the judgment has never been canceled of record. June 25, 1888, James Blakley died, leaving the defendant, his son, his only heir and next of kin, who was duly appointed the administrator of his said estate. These facts are set forth in the complaint, and it is also alleged that no part of the $1,400 promised to be paid by said contract has been paid, and it is also alleged that the defendant has received assets from his father's estate in an amount

more than sufficient to pay said sum. The complaint closes with a prayer that the judgment be canceled of record, and that the plaintiff have judgment against the defendant as administrator for $1,400, with interest thereon from November 2, 1869. It is more than twenty-seven years since this judgment was recovered and more than a quarter of a century since the defendant's testator received from the plaintiff a conveyance of the premises. Presumptively the judgment has long since ceased to be a lien on the real estate or even an enforcible claim against the judgment debtor personally, and a good cause of action is set out as against the defendant in his representative capacity.

It is insisted that facts sufficient to constitute a cause of action against the defendant individually are not set forth in the complaint. In considering this question, it must be borne in mind that this action is not against devisees or legatees, nor is it against one of several next of kin, or one of several heirs, and many of the facts which are necessary to be alleged in such cases are not necessary to be in this action. In so far as this is a personal action, it is against a sole heir and next of kin, who has received the whole estate of his ancestor, subject to the liability to pay the debts of the ancestor in so far as the defendant has received sufficient assets, and sufficient facts are alleged to constitute a cause of action against the defendant individually. An action may be maintained against a defendant to recover against him personally and as an administrator in case he is liable in both capacities. (Code Civ. Proc. § 1815.)

It does not appear on the face of the complaint that there is a defect of parties defendant. It is not alleged that an administrator with the will annexed or a testamentary trustee for the estate of Wood Gibson, Sr., has been appointed, and for aught that appears the estate may have been settled and the trust terminated.

The judgment should be affirmed, with costs.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Judgment affirmed, with costs.